By the Court.—Jones, J.
From the plaintiffs’ affidavit it appears that the debt or obligation upon which there remains a balance due was wholly incurred prior to the making of the representations which are alleged to be false and fraudulent. That indebtedness consequently was not contracted or incurred through those fraudulent representations.
*66 Unless, therefore, an action ex delicto for deceit will lie to recover as damages the difference between the plaintiffs’ advances and the proceeds produced by the sale of the collateral security, on the ground that such deficiency was caused by the delay to sell through plaintiffs’ reliance upon the alleged false representations of the defendant; and unless this is such an action, this order cannot be sustained (Smith v. Corbiere, 3 Bosw., 634, decided April 23, 1859 ; Code, § 179, as amended in 1863). It is unnecessary to determine whether an action for deceit will lie to recover this difference, for the present action cannot oh this motion be regarded as such.
The summons is for money demand on contract. jSTo complaint has yet been served. The summons will not authorize a complaint as for an action ex delicto. We must, therefore, assume that the complaint when served will be for a cause of action ex contractu, counting on the debt which was contracted before the making of the representations. If the complaint should happen to be for a cause ex delicto, counting on the decéit, it would on motion be set aside as being a departure from the summons.
Order appealed from reversed, and order of arrest vacated, with ten dollars costs.
Note.—Since the decision of Smith v. Corbiere, section 179 has been amended by the act of 1863 (Laws of 1863, p. 658).
Since that amendment, a defendant can be arrested in an action to recover damages for fraud or deceit, without showing either that he is a nonresident of the State, or is about to remove therefrom.